UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  )
                                     )
**RONALD C. GRUMBKOW**,              )
                                     )
    **Plaintiff**,              )
                                     )
        v.               )    Civil Action No. 06-1013 (RWR)
                                     )
**GEORGE W. BUSH** et al.,           )
                                     )
    **Defendants**.             )
_____  )

## MEMORANDUM OPINION

    Plaintiff Ronald C. Grumbkow, proceeding pro se, has filed an amended complaint, in response to the Show Cause order dated June 23, 2006 that found the original complaint too opaque. Complaints filed by pro se litigants are held to less stringent standards than are formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, pro se plaintiffs must comply with the Federal Rules of Civil Procedure. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987).

    Rule 8 of the Federal Rules of Civil Procedure states the minimum requirements for complaints. Rule 8(a) requires that a complaint contain a short and plain statement of the grounds upon which federal jurisdiction rests, a short and plain statement showing that the plaintiff is entitled to relief, and a demand for judgment for the relief sought. Fed. R. Civ. P. 8(a). The minimum requirements Rule 8 imposes are designed to provide defendants with sufficient notice of the claim or claims being

- 2 -

asserted in order to allow defendants to prepare a responsive answer and an adequate defense, and to determine whether the doctrine of <u>res judicata</u> applies. <u>Brown v. Califano</u>, 75 F.R.D. 497, 498 (D.D.C. 1977). Further, compliance with Rule 8(a)'s requirements should provide a court with sufficient information to determine whether it has jurisdiction over the claims. "When a complaint fails to comply with these requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint . . . . 'Dismissal, however is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.'" <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995) (quoting <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988). Even where the complaint is so confused that its substance cannot be discerned, the complaint should not be dismissed before the plaintiff has been given an opportunity to amend. <u>See</u> <u>Ciralsky v. CIA</u>, 355 F.3d 661, 669-71 (D.C. Cir. 2004) (noting that it would generally be an abuse of discretion to dismiss without an opportunity to amend); <u>see also</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (same).

Grumbkow was given an opportunity to amend his original inadequate complaint, and he did so. However, the amended complaint remains confused to the point that it is not possible to determine what claims plaintiff is pursuing against which

- 3 -

defendants for what injury, and it does not provide sufficient notice to the defendants of the claims so that they may prepare a proper defense.  In addition, the amended complaint does not even provide sufficient information to determine that federal jurisdiction exists for any of the claims plaintiff may intend.  Because the amended complaint is so confused that it fails to comply with Rule 8, it will be dismissed.

    SIGNED this 14th day of November, 2006.


                                         _____/s/_____
                                         RICHARD W. ROBERTS
                                       United States District Judge